UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JENNIFER FRANCE,

    Plaintiff,

v.

CHIPPEWA COUNTY, et al.,

    Defendants.

_____/

CASE No. 2:20-cv-248

HON. ROBERT J. JONKER

### **ORDER**

Plaintiff objects to the Magistrate Judge's discovery Order filed in this case on April 14, 2022. (ECF No. 175). The dispute centers on Magistrate Judge Vermaat's Order (ECF No. 171) granting non-parties James P. Lambros and Eric Blubaugh's motion for a protective order and to quash subpoenas. (ECF No. 133). Both are sitting Michigan judicial officers. The Court **AFFIRMS** the Magistrate Judge's decision.

In considering an appeal of a magistrate judge's ruling on a nondispositive pretrial motion, the Court applies a "clearly erroneous or contrary to law" standard of review. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)); *accord Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952, 954 (6th Cir. 1985) (citing 28 U.S.C. § 636(b)(1)(a)); *see also* FED. R. CIV. P. 72.2 (District Judge must consider timely objections to nondispositive pretrial orders of magistrate judge and modify or set aside any part of order that is clearly erroneous or contrary to law). A finding is "clearly erroneous" when "'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake

has been committed.'" *Anderson v. City of Bessemer City, North Carolina*, 470 U.S> 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

As noted by the Magistrate Judge, Rule 45 of the Federal Rules of Civil Procedure governs motions to quash subpoenas. Among other things, the rule provides a court must quash or modify a subpoena that "requires disclosure or privileged or other protected matter, if no exception or waiver applies" or a subpoena that "subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A)(iii) and (iv). Rule 26(c)(1) similarly provides that a court may, on motion and for good cause shown, grant a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" FED. R. CIV. P. 26(c)(1).

In applying these general rules to cases involving judges as witnesses, the Magistrate Judge looked to *United States v. Roth*, 332 F. Supp. 2d 565 (S.D.N.Y. 2004). *Roth* articulated three factors that must be met before a judge may be required to testify as a fact witness: (1) the judge "possesses factual knowledge, (2) that knowledge is highly pertinent to the jury's task, and (3) is the only possible source of testimony on the relevant factual information." *Id.* at 568. The Magistrate Judge also found two additional factors were relevant to the analysis: (4) whether the factual knowledge had previously been disclosed to individuals outside the judge's chambers; and (5) whether the non-deliberative factual knowledge is the product of the judge's undertaking of his or her judicial responsibilities. (ECF No. 171, PageID.1807). Of these, the Magistrate Judge found the second factor, pertinence, to be the determinative factor and concluded that it augured in favor of granting the motion to quash. (ECF No.171, PageID.1808).

The Magistrate Judge did not clearly error in setting out the law. Plaintiff principally argues that *Roth* is not binding on this Court and that, even if it were, it is not persuasive. While it is true that *Roth* is not binding, other courts have observed that Sixth Circuit law in this area "is

2

quite limited." *Kananian v. Brayton Purcell, LLP*, No. 1:07 CV 3188, 2009 WL 10689208, at *5 (N.D. Ohio May 29, 2009). *Roth* itself applies the Seventh Circuit's test articulated in *United States v. Frankenthal*, 582 F.2d 1102 (7th Cir. 1978) and has been used by courts in this circuit to examine motions to quash brought by judicial officers. *Kananian*, 2009 WL 10689208, at *9. There was nothing improper about the Magistrate Judge's decision to apply out of circuit law, and Plaintiff identifies nothing from this Circuit that would conflict with *Roth*.

Nor did the Magistrate Judge err in applying *Roth* to quash the subpoenas here. As the Magistrate Judge found, no claims in the operative complaint are raised against these individuals. Plaintiff believes the judges played some role in the decision to terminate her employment but this is far from the "highly pertinent" knowledge that is required. What is far more pertinent are the actions, motives and decisions of the actual defendants in this case, whom Plaintiff alleges wrongfully terminated her employment. The Court acknowledges Defendants' initial disclosures listed the two judges amongst those individuals "who will generally *testify* regarding their interactions with and communications with" Plaintiff. (ECF No. 67-3, PageID.667) (emphasis added). But this was at a time when claims against the judicial defendants were still in the case. They have since been dismissed and are now on appeal. If the remaining defendants submit affidavits in support of a Rule 56 motion, or otherwise express intent to use the judge's testimony on the remaining claims in this case, the analysis might change, but on the present record the Court is satisfied that the Magistrate Judge properly granted the motion to quash.

**ACCORDINGLY, IT IS ORDERED** that the Magistrate Judge's Order (ECF No. 171) is **AFFIRMED.**

Dated:     November 7, 2022           /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE

3